UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THIEN CHI HUU NGUYEN,<br><br>                Plaintiff,<br>    v.<br><br>CARLOS DEL TORO, CHARLOTTE A. BURROWS,<br><br>                Defendant. | CASE NO. 3:25-CV-5100-TMC<br><br>ORDER RENOTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING AMENDED COMPLAINT BE FILED |

The District Court has referred Plaintiff Thien Chi Huu Nguyen's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On February 6, 2025, Plaintiff filed a proposed civil complaint and application to proceed *in forma pauperis* ("IFP"). *See* Dkts. 1; 1-1.

**Legal Standard.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING AMENDED COMPLAINT BE FILED
- 1

has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). When the privilege is abused, permission to proceed IFP may be denied. *See Demos v. U.S. Dist. Court for Eastern Dist. Of Washington*, 925 F.2d 1160, 1160-61 (9th Cir. 1991); *see also In re Sindram*, 498 U.S. 177, 180 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* to those individuals who have abused the system."); *Johnson v. Irby*, 2009 WL 1973510, at *3 (N.D. Fla. July 8, 2009) ("A court may deny IFP status prospectively when the number, content, frequency, and disposition of a litigant's filings show an abusive pattern.") (internal quotations omitted).

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An in IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING AMENDED COMPLAINT BE FILED
- 2

U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

**Proposed Complaint.** Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In the proposed complaint, Plaintiff names Carlo Del Toro, the Secretary of the Navy, and Charlotte A. Burrows, the "Chair of Equal Employment of Opportunity," as defendants in this case. Dkt. 1-1. He appears to allege the Naval Undersea Warfare Center rescinded an employment offer made to Plaintiff for employment at the Key Port Division, located in Washington State. *Id*. He alleges claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination Employment Act of 1967, 29 U.S.C. §§ 621 to 634. Dkt. 1-1.

**Plaintiff's Application to Proceed IFP.** Plaintiff states he is unemployed and a review of his Application to Proceed IFP shows he cannot afford the filing fee. *See* Dkt. 1.

**Analysis of Plaintiffs' Claims**. Notwithstanding his inability to pay, the Court finds Plaintiff's proposed complaint fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must

be simple, concise, and direct." Fed. R. Civ. P. 8(d). Plaintiff's proposed complaint fails to provide a short and plain statement articulating his claims for relief and how the two named defendants are liable. *See* Dkt. 1-1. He fails to clearly explain how Defendants Del Toro and Burrows violated Title VII of the Civil Rights Act or the Age Discrimination Employment Act. Plaintiff's conclusory and vague allegations are not sufficient to state a claim.

Further, while Plaintiff attached approximately 100 pages of exhibits, "the Court cannot glean what claims for relief might lay hidden in the narration provided by [P]laintiff and it is [P]laintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim." *Henderson v. Scott*, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005), Therefore, Plaintiff is ordered to file an amended complaint which complies with Federal Rule of Civil Procedure 8 and this Order. The Court notes that exhibits are not a substitute for a well-pled complaint. Plaintiff is directed to include all allegations and relevant facts in the body of the proposed amended complaint.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). In this case, the Court finds Plaintiff should be afforded an opportunity to amend his proposed complaint to try to state a claim.

**Decision on Application to Proceed IFP**. A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Based upon the above

analysis of the deficiencies in the proposed complaint, the Court finds it appropriate to re-note Plaintiff's application to proceed IFP (Dkt. 1) to March 14, 2025.

Accordingly, it is hereby **ORDERED** that:

- Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is **RENOTED** to **MARCH 14, 2025;** and

- Plaintiff's proposed amended complaint, if any, **IS DUE** on or before **MARCH 14, 2025**.

If Plaintiff fails to adequately respond to this Order and file an amended complaint by March 14, 2025, the Court will recommend Plaintiff's Application to Proceed IFP be denied and this case be dismissed.

Dated this 12th day of February, 2025.

David W. Christel
United States Magistrate Judge

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING AMENDED COMPLAINT BE FILED
- 5