UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THIEN CHI HUU NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS DEL TORO, *et al.*,<br><br>Defendant. | Case No. 3:25-cv-05100-TMC<br><br>ORDER VACATING JUDGMENT AND REOPENING CASE UNDER RULE 60(A) |

## I. ORDER

This matter comes before the Court on its own motion. On May 13, 2025, this Court dismissed Mr. Nguyen's claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), reasoning that Mr. Nguyen failed to state a claim upon which relief could be granted. Dkt. 14. The Court issued a Judgment and closed the case. Dkt. 15.

On July 30, 2025, Mr. Nguyen filed a new case against Mr. Del Toro and moved for leave to proceed *in forma pauperis* ("IFP"). *See Nguyen v. Del Toro*, 3:25-cv-05667-TMC, Dkt. 1. The new case is based on the same underlying events as the previous case. *See id.* Mr. Nguyen explained that he was "refiling this case with a more complete explanation" because of the previous dismissal. *Id.*, Dkt. 1-2 at 2. His complaint in that matter was subsequently referred to this Court. *Id.*, Dkt. 4.

ORDER VACATING JUDGMENT AND REOPENING CASE UNDER RULE 60(A) - 1

Upon further review of the dockets in both cases, the Court discovered that prior to dismissing his complaint in the present case, it had failed to fully review the "Statement of Claims" included as Exhibit 2 to Mr. Nguyen's complaint. Dkt. 10-2. Having reviewed this exhibit, the Court now concludes that Plaintiff pleaded sufficient facts to state a plausible claim for relief, and its earlier dismissal was erroneous.

Under Rule 60(a), the Court may *sua sponte* correct a judgment based on "a mistake arising from oversight or omission *whenever one is found*," so long as no appeal has been docketed. Fed. R. Civ. P. 60(a) (emphasis added); *Mitchell v. Piffer*, No. 218CV2949WBSEFBP, 2021 WL 1264756, at *1 (E.D. Cal. Apr. 6, 2021). The Court may make such a correction even when doing so resuscitates a claim the Court previously dismissed. *See id.* (reviving, and then remanding, a state court claim); *Reno Contracting, Inc. v. Crum & Forster Specialty Ins. Co.*, No. 18-CV-0450 W (JLB), 2019 WL 7877825 (S.D. Cal. July 18, 2019) (reopening case to address an overlooked counterclaim); *Crespin v. City of Albuquerque*, No. CV 22-0811 KG-KK, 2023 WL 1927725 (D.N.M. Feb. 10, 2023) (reopening case after court overlooked an IFP filing fee paid a month before dismissal). Because the Court's previous dismissal arose from oversight of one of Mr. Nguyen's exhibits, it may and should correct that error through Rule 60(a).

## II.   CONCLUSION

The Court therefore VACATES its Order (Dkt. 14) and Judgment (Dkt. 15) dismissing Mr. Nguyen's claims and closing the case. The complaint previously filed on April 3, 2025 at Dkt. 10 shall be the operative complaint.

Because Mr. Nguyen's claims will proceed under this original case number, the Clerk is directed to close the second case, 3:25-cv-05667-TMC. If Mr. Nguyen would like to file the documents he submitted in the second lawsuit, he may file those as part of an amended complaint in this suit instead.

The Clerk shall issue a summons if Mr. Nguyen has previously provided a proposed summons. Otherwise, Mr. Nguyen must submit a proposed summons for issuance by the Clerk pursuant to Rule 4(a)–(b). If Mr. Nguyen would like the Court to assist with service of the summons under Rule 4(c), he may inform the Court of this after submitting a proposed summons. *See* Fed. R. Civ. P. 4(c)(3).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 17th day of September, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER VACATING JUDGMENT AND REOPENING CASE UNDER RULE 60(A) - 3